## MARCUS JOHNSON AND ANOTHER v. ANTHONY HUHN.[1]

### May 18, 1917.

### Nos. 20,169—(37).

**Partnership — accounting — findings sustained.**

Evidence considered, and *held* sufficient to justify the findings of the trial court.

[1]Reported in 162 N. W. 679.

Action in the district court for Ramsey county for the dissolution of a partnership and for an accounting. The case was tried before Jelley, J., who made findings and as conclusion of law dismissed the action with prejudice. From an order denying their motion for a new trial, plaintiffs appealed. Affirmed.

*M. D. Munn* and *Ambrose Tighe,* for appellants.
*Swan, Stinchfield* and *Richards,* for respondent.

QUINN, J.

This is an action by the plaintiffs for an accounting with the defendant concerning the affairs of an alleged partnership in the milling business. The trial court found for the defendant, and from an order denying their motion for a new trial, plaintiffs appealed.

It is alleged in the complaint that, in the year 1907, the plaintiffs and the defendant entered into a partnership agreement under the name of the Marcus Milling Company, for the purpose of carrying on a milling business at Goodhue in this state; that under the agreement the plaintiffs were to furnish free of rent the milling property which they then owned at Goodhue, also to turn over to the partnership certain personal property and accounts connected therewith of the aggregate value of $14,000 without interest, but to be accounted for at the termination of the partnership, and to secure additional money, if necessary, to carry on the business; and that, as against the use of said property, the defendant was to contribute his services in superintending and looking after the running of the business, each to receive one-third of the profits and be liable alike for losses. It is further alleged that defendant took charge of and managed the affairs of the partnership under such agreement until December 15, 1909; that he failed to keep regular books of account, and that he disposed of the assets of the firm and refuses to account for the same. The answer is a general denial. The cause was tried by the court without a jury. The court thereafter made findings: That the plaintiffs and the defendant did not, in the year 1907, or at any other time, enter into a partnership agreement either as alleged in the complaint or otherwise, and ordered judgment for defendant.

The determination of the appeal depends entirely upon whether the

findings of the trial court are justified by the evidence. Counsel for plaintiffs concede the rule to be that "when an action is tried by a court without a jury, its findings of fact are entitled to the same weight as the verdict of a jury, and will not be reversed on appeal unless they are manifestly and palpably contrary to the evidence." 1 Dunnell, Minn. Dig. § 411.

It appears that, during the year 1905, the Marcus Milling Company, a corporation, became the owner of, and for some time thereafter operated, the mill property in question, under the management of the plaintiff, Marcus Johnson. The two plaintiffs owned practically all of the stock in the corporation. In 1907 there had been a loss in the business of something like $8,000. The plaintiff, Johnson, had other interests to look after, and was desirous of being released from the management of the mill. In July or August of that year, he went, in company with defendant, and looked over the mill property, and some talk was had about the defendant becoming a partner with plaintiffs and taking the management of the mill. About these matters there seems to be little or no dispute between the parties.

Upon the trial, the plaintiff Johnson testified that at this time an agreement was arrived at, whereby defendant was to become a partner with plaintiffs, that he was to become the superintendent of the mill and that his son, Alex. G., might assist him, and that, in accordance with such arrangement, defendant took possession of the mill and managed the same until the fall of 1908, when the mill was sold. The plaintiff Stephens was less certain in his testimony as to just what the arrangements were. Upon the other hand, the defendant testified that, after looking the mill property over and considering the proposition, he refused to go into partnership with plaintiffs or to have anything to do with the matter other than not to object to the plaintiffs making such arrangements with his son as they might relative to the son managing the affairs of the mill, and the defendant testified that he never in any manner had to do with the management of the mill or with any of the property or funds connected therewith.

There was testimony that defendant was not a miller, but a grain man of considerable experience; that plaintiff Johnson was a miller of

experience, and that Alex. G. Huhn undertook the management of the milling affairs and in September, 1907, opened a new set of books for the concern, having a desk in his father's office in Minneapolis. In this set of books the capital stock, profit and loss, general expenses, bills receivable and prior indebtedness accounts shown in the old books, were entered into the new. In the several insurance policies carried under the new management, the milling company was referred to as a corporation. In 1908, application was made to the state for leave to continue the running of an elevator at Goodhue in which the company was referred to as a corporation, and that its officers were Marcus Johnson, president, and A. A. Stephens, vice president. At different times during the years 1907 and 1908 money was obtained at certain banks and notes executed in return therefor, signed "Marcus Milling Co. by Marcus Johnson, Pt.," and there was other testimony which the trial court might properly consider in determining the issues involved.

The arrangements entered into by plaintiffs in July or August, 1907, which brought about a change in the management of the Milling Company were never reduced to writing, nor was any memorandum thereof ever made. The mill was disposed of in the fall of 1908, but the affairs were never closed in the way of an accounting until the statute of limitations had nearly run. At that distance the details, in many instances, had gone from the minds of the witnesses, and in many respects the testimony is unsatisfactory. We have given the record and testimony careful consideration, and are of the opinion that the findings of the trial court are not so manifestly against the weight of evidence as to justify this court in interfering. Plaintiffs complain of certain rulings made by the trial court as to the admissibility of certain evidence, but we find no reversible error in this respect.

Order affirmed.